# LENOVITZ *v.* UNITED STATES.

---

APPEAL; WRITS OF ERROR; POLICE COURT.

A writ of error to the police court was refused by this court, where it appeared from the bill of exceptions that, after conviction and sentence, the accused, instead of filing a motion in arrest of judgment, moved to quash the information against him, and also that the jurisdictional questions intended to be raised could be directly and effectively raised on a petition to one of the justices of the supreme court of the District for the writ of habeas corpus, and brought to this court on appeal if the writ should be denied.

No. 338, Original. Submitted December 16, 1909. Decided December 20, 1909.

HEARING on a petition for a writ of error to the police court. *Denied.*

*Mr. John Ridout* for the petitioner.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia and *Mr. F. Sprigg Perry,* Assistant District Attorney, opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It appears from the petition that the bill of exceptions on which it is founded substantially renews objections taken on the trial of the case, to the overruling of which the petitioner, Benjamin Lenovitz, failed to present a bill of exceptions within the time prescribed by law. Hence the petition for mandamus to compel the police justice to sign the bill of exceptions was denied by this court, as stated in the petition.

The present bill, that has been signed by the police justice, shows that after conviction and sentence the petitioner moved to quash the information upon which he had been tried. At this stage of the case the proper motion would, it seems, have been one in arrest of judgment. The questions raised go to the jurisdiction of the court to entertain the prosecution. If the court was without jurisdiction to try the case, its judgment may be attacked on that ground, through a petition for a writ of habeas corpus to one of the justices of the supreme court of the District.

A proceeding in that manner would present the questions raised, in a direct and effective way, and, in case of adverse judgment, the petitioner will have an appeal to this court as a matter of right. For these reasons, the petition for writ of error is *denied*.